# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SUMITOMO CORPORATION OF AMERICA,<br>　　　　　Plaintiff<br><br>v.<br><br>M/V SOUTHERN SPIRIT, her engines, tackle, boilers, etc.<br><br>v.<br><br>STAR BULK CARRIER CO. S.A., DAIICHI CHUO KISEN KAISHA, COOPER/T. SMITH STEVEDORING, and RICHWAY CARTAGE, INC.<br>　　　　　Defendants. | C.A. NO. H-09-3526<br>Admiralty Rule 9(h) |

## FIRST AMENDED COMPLAINT

1. Plaintiff, Sumitomo Corporation of America ("SCOA"), by its attorneys, Hill Rivkins & Hayden LLP, complaining of Star Bulk Carrier Co. S.A. ("Star Bulk"), Daiichi Chuo Kisen Kaisha ("DCKK"), Cooper/T. Smith Stevedoring ("CTS") and Richway Cartage, Inc. ("Richway"), alleges upon information and belief:

**A.**

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1337, as the causes of action against the defendants arise under federal admiralty jurisdiction and an Act of Congress regulating commerce (49 U.S.C. § 14706 – Interstate Commerce Act/Carmack Amendment). The amount in controversy exceeds $10,000.00.

**B.**

3.      At and during all the times hereinafter mentioned, SCOA was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. SCOA had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4.      At and during all the times hereinafter mentioned, Star Bulk and DCKK had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as a common carriers of merchandise by water for hire, and owned, operated, managed and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**D.**

5.      At and during all the times hereinafter mentioned, Richway had and now has the legal status and office and place of business stated in Schedule A. It was, and now is, engaged in business as a contract motor carrier providing interstate transportation services.

**E.**

6.      At all times herein, CTS was and now is an Alabama corporation, or similar entity, with power to sue and be sued in Texas, which had and now has the legal status and office and place of business as stated in Schedule A. It was, and now is, engaged in business as a public stevedore. CTS may be served as stated in Schedule A attached.

**F.**

7. On or about September 28, 2008, at Kashima, Japan, the M/V Southern Spirit received, in good order and condition, the shipment described in Schedule A, which the vessel accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

**G.**

8. Thereafter, the vessel arrived at the Port of Houston, where the cargo was not delivered in the same good order and condition as the vessel received it. Upon information and belief, Star Bulk and DCKK breached, failed and violated their duties and obligations as common carriers and was otherwise at fault.

**H.**

9. Alternatively, and without waiving the above causes of action, on or about November 1, 2008, CTS received, in good order and condition, the cargo stated in schedule A to be handled after delivery from the vessel in Houston, Texas. CTS received the cargo at the Port in Houston, Texas and agreed to provide stevedoring services, including the discharge of plaintiff's cargo.

**I.**

10. Defendant CTS was to have safely discharged the cargo during all, or part, of its unloading from the vessel. The cargo was damaged, in whole or in part, during CTS's possession and discharge of the cargo, due to its negligence, breach of contract, and breach of its implied warranty of workmanlike performance in performing its duties as a public stevedore.

**J.**

11. At and during all times hereinafter mentioned, Richway breached, failed, and violated its duties and obligations as a contract motor carrier providing interstate transportation services and was otherwise at fault.

12. Specifically, Richway failed to take reasonable and proper precautions in the handling of the steel pipe. By failing to provide safe handling of the steel pipes, Richway was negligent. Furthermore, Richway's negligence was the direct cause of the physical damage to the cargo while in Richway's possession, custody, and control.

**K.**

13. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**L.**

14. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**M.**

15. Plaintiff has duly performed all duties and obligations on its part to be performed.

**N.**

16. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00).

**O.**

17. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and that the Court award a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*Sara Banks*

STEVEN P. VANGEL
SDTX I.D. No.: 4065
Texas Bar No.: 13057830
SARA M. BANKS
SDTX I.D. No.: 959003
Texas Bar No.: 24064861
HILL RIVKINS & HAYDEN LLP
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone:    (713) 222-1515
Direct Line:   (713) 457-2286
Telefax:       (713) 222-1359
E-mail:        svangel@hillrivkins.com

ATTORNEYS FOR PLAINTIFF
SUMITOMO CORPORATION OF
AMERICA

THE STATE OF TEXAS     \*
                             \*
COUNTY OF HARRIS     \*

Sara M. Banks, being duly sworn, deposes and says:

She is an attorney and associate of the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; she has read the foregoing complaint and knows the contents thereof; and that the same is true to her own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, she believes them to be true.

The reason this Verification is made by me and not by Plaintiff is that Plaintiff is a corporation, none of whose officers are now within this District.

The sources of deponent's information and the grounds for her belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in his files.

_Sara Banks_

Subscribed and sworn to before me, the undersigned authority, this __30th__ day of __October__, 2009.

_Rosa Landin_
Notary Public, State of Texas
My Commission Expires __3/26/2012__

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

7

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Sumitomo Corporation of America,** was and now is a corporation with an office and place of business at:

600 Third Avenue
New York, NY 10016-2001

**M/V Southern Spirit,** was at all material times a bulk carrier sailing under the Panama flag. The vessel was built in 1998, its call sign is 3FWV8, and its gross tonnage is 18,459 tons.

Defendant, **Star Bulk Carrier Co. S.A.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its manager Daiichi Chuo Kisen Kaisha at:

14-4,Shintomi 2-chome,
Chuo-ku,Tokyo,Japan 104-8544

Defendant, **Daiichi Chuo Kisen Kaisha,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office address:

14-4,Shintomi 2-chome,
Chuo-ku,Tokyo,Japan 104-8544

Defendant, **Cooper/T. Smith Stevedoring** was and now is an Alabama corporation with power to sue and be sued, which regularly does business in Texas and/or the United States as a public stevedore, which may be served through its registered agent:

CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Defendant, **Richway Cartage, Inc.** was and now is Texas corporation and may be served through its registered agent:

CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Southern Spirit |
| Date of Shipment: | November 1, 2008 |
| Port of Shipment: | Kashima, Japan |
| Port of Discharge: | Houston, Texas |
| Shipper: | Sumitomo Corporation |
| Consignee: | Sumitomo Corporation of America |
| Description of Shipment: | Steel Pipe |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $15,000.00 |